Daniel C. Cotman (CBN 218315)
dan@cotmanip.com
Rasheed McWilliams (CBN 281832)
rasheed@cotmanip.com
Obi I. Iloputaife (CBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
One Colorado | 35 Hugus Alley, Suite 210
Pasadena, California 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*USB Technologies, LLC,*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USB Technologies, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>Sears Holdings Corporation, a Delaware corporation; Sears Roebuck and Co., a Delaware corporation;  and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.  2:15-cv-04837<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff USB Technologies, LLC, ("USB Technologies"), by and through its undersigned counsel, for its Complaint against Defendant Sears Holdings Corporation and Sears Roebuck and Co. (collectively, "Sears"); and Does 1-10 (collectively, "Defendants") makes the following allegations. These allegations are made upon information and belief.

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-285.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c). On information and belief, Defendants are subject to this Court's personal jurisdiction in that the acts and transactions complained of herein include the import and sale of infringing goods, identified herein, through the State of California and specifically in this District. Furthermore, Defendants' sales transactions are initiated nationwide over the Internet, including sales targeted to the State of California and this District, thereby purposefully availing themselves of the benefits of the state.

## THE PARTIES

4. USB Technologies is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210 Pasadena, California 91103.

5. Upon information and belief, Sears Holdings Corporation is a corporation organized under the laws of the State of Delaware having a place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

6. Upon information and belief, Sears Roebuck and Co. is a corporation organized under the laws of the State of Delaware having a place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

7. The true names and capacities, whether individual, corporate or otherwise of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

8. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as "DOE" are allegedly responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS

9. USB Technologies is the owner, by assignment, of U.S. Patent No. 7,809,866 ("the '866 Patent"), which was duly and legally issued on October 5, 2010 by the United States Patent and Trademark Office.  A copy of U.S. Patent No. 7,809,866 is attached to this complaint as **Exhibit A**.

10. The claims of the '866 Patent are valid and enforceable.

11. The Defendant(s) sell(s) and offer(s) to sell the General Mobile Technology Company ("GMobi") iStick Lightning to USB flash drive products in various sizes, including 8 GB, 16 GB, 32 GB, 64 GB and 128 GB ("GMobi iStick Product Family").

12. The GMobi iStick Product Family are double interface Lightning to USB flash memory drives. The GMobi iStick Product Family comprises a first transmission interface, a circuit board with a microprocessor and a plurality of flash memory. The GMobi iStick Product Family comprises a first bus interface to perform a signal transmission and a second bus interface circuit different from the flash memory card. The GMobi iStick Product Family also contains interface detection and switching circuit, for switching to the first interface circuit or the second interface circuit based on an initializing signal generated from the system interface circuit.  The microprocessor within the GMobi iStick Product Family switches to the right

interface, determining and supporting a connection action automatically based on the type of system interface circuit detected.

13. Each of the products in the GMobi iStick Product Family infringe on the claims of the '866 patent, including, but not limited to claim 1.

14. Defendant Sears imports, buys, sells and offers to sell to consumers the iStick Product Family over a worldwide website, www.sears.com, without regard to the patent rights of USB Technologies. A copy of an offer for sale of the GMobi iStick Product Family on the Sears website is attached herewith as **Exhibit B**.

15. The Defendant(s) sell(s) and offer(s) to sell the Photofast i-FlashDrive HD and i-FlashDrive Evo Lightning to USB flash drive products in various sizes, including 16 GB, 32 GB, and 64 GB ("i-FlashDrive Product Family").

16. The i-FlashDrive Product Family are double interface Lightning to USB flash memory drives. The i-FlashDrive Product Family comprises a first transmission interface, a circuit board with a microprocessor and a plurality of flash memory. The i-FlashDrive Product Family comprises a first bus interface to perform a signal transmission and a second bus interface circuit different from the flash memory card. The i-FlashDrive Product Family also contains interface detection and switching circuit, for switching to the first interface circuit or the second interface circuit based on an initializing signal generated from the system interface circuit. The microprocessor within the i-FlashDrive Product Family switches to the right interface, determining and supporting a connection action automatically based on the type of system interface circuit detected.

17. Each of the products in the i-FlashDrive Product Family infringe on the claims of the '866 patent, including, but not limited to claim 1.

18. Defendants, buy, sell and offer to sell to consumers the i-FlashDrive Product Family over a worldwide website, http://www.sears.com/, without regard to the patent rights of USB Technologies. A copy of an offer for sale of the i-FlashDrive Product Family on the Sears website is attached herewith as **Exhibit C**.

19. The Defendant(s) sell(s) and offer(s) to sell the Leef iBridge Lightning to USB flash drive products in various sizes, including 16 GB, 32 GB, 64 GB and 128 GB ("iBridge Product Family").

20. The iBridge Product Family are double interface Lightning to USB flash memory drives. The iBridge Product Family comprises a first transmission interface, a circuit board with a microprocessor and a plurality of flash memory. The iBridge Product Family comprises a first bus interface to perform a signal transmission and a second bus interface circuit different from the flash memory card. The iBridge Product Family also contains interface detection and switching circuit, for switching to the first interface circuit or the second interface circuit based on an initializing signal generated from the system interface circuit. The microprocessor within the iBridge Product Family switches to the right interface, determining and supporting a connection action automatically based on the type of system interface circuit detected.

21. Each of the products in the iBridge Product Family infringe on the claims of the '866 patent, including, but not limited to claim 1.

22. Defendants, buy, sell and offer to sell to consumers the iBridge Product Family over a worldwide website, http://www.sears.com/, without regard to the patent rights of USB Technologies. A copy of an offer for sale of the iBridge Product Family on the Sears website, is attached herewith as **Exhibit D**.

23. The Defendant(s) sell(s) and offer(s) to sell the Bidul i-USBKey flash drive products in various sizes, including 8 GB, 16 GB, and 32 GB ("iUSB Product Family").

24. The iUSB Product Family are double interface 30 Pin and/or Lightning to USB flash memory drives. The iUSB Product Family comprises a first transmission interface, a circuit board with a microprocessor and a plurality of flash memory. The iUSB Product Family comprises a first bus interface to perform a signal transmission and a second bus interface circuit different from the flash memory card. The iUSB Product Family also contains interface detection and switching circuit, for switching

to the first interface circuit or the second interface circuit based on an initializing signal generated from the system interface circuit. The microprocessor within the iUSB Product Family switches to the right interface, determining and supporting a connection action automatically based on the type of system interface circuit detected.

25. Each of the products in the iUSB Product Family infringe on the claims of the '866 patent, including, but not limited to claim 1.

26. Defendants, buy, sell and offer to sell to consumers the iUSB Product Family over a worldwide website, http://www.sears.com/, without regard to the patent rights of USB Technologies. A copy of an offer for sale of the iUSB Product Family on the Sears website, is attached herewith as **Exhibit E**.

27. Unless enjoined by this Court, Defendants will continue to infringe the '866 patent.

28. Plaintiff has been, and will continue to be, irreparably harmed by Defendants' ongoing infringement of the '866 patent.

29. This is an exceptional case under 35 U.S.C. § 285 and Plaintiff should therefore be awarded treble damages pursuant to 35 U.S.C. §284, of any and all damages awarded for Defendants' infringement of the '866 patent.

### COUNT I
### CLAIM FOR PATENT INFRINGEMENT
### UNDER 35 U.S.C. § 271 ('866 PATENT)

30. USB Technologies hereby incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendants have imported, offered to sell and provide, have sold and provided, and continue to offer to sell and provide in the United States and in this District, products and services, namely the GMobi iStick Product Family, the i-FlashDrive Product Family, the iBridge Product Family and the iUSB Product Family that infringe one or more claims of the '866 Patent, including, but not limited to, Claim 1.

32. Defendants' infringement of the '866 Patent has been and continues to be willful.

33. Unless enjoined by this Court, Defendants will continue to infringe the '866 Patent.

34. As a direct and proximate result of Defendants' infringement of the '866 Patent, USB Technologies has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a preliminary injunction to issue against each Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with it from making, using, offering to sell, selling, or importing into the United States any product infringing on the claims of United States Patent No. 7,809,866;

B. For a permanent injunction to issue against each Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with it from making, using, offering to sell, selling, or importing into the United States any product infringing on claims of United States Letters Patent No. 7,809,866;

C. An award of damages in an amount to be determined at trial, but not less than a reasonable royalty and/or Plaintiff's lost profits as a result of each Defendant's infringing actions;

D. A finding that each Defendant's infringement has been willful;

E. A trebling, pursuant to 35 U.S.C. § 284, of any and all damages awarded for each Defendant's infringement of the '866 Patent;

F. A finding that this is an exceptional case under 35 U.S.C. § 285;

G. An award, pursuant to 35 U.S.C. § 285, of reasonable attorneys' fees;

H. An award of interest and costs; and

I. For such other and further relief as may be just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

DATED: June 25, 2015     **COTMAN IP LAW GROUP, PLC**

s/ Rasheed M. McWilliams
By:_____
Daniel C. Cotman
Rasheed M. McWilliams
Obi I. Iloputaife
COTMAN IP LAW GROUP, PLC
One Colorado | 35 Hugus Alley, Suite 210
Pasadena Ca, 91103
Telephone: (626) 405-1413
Facsimile: (626) 316-7577

Attorneys for Plaintiff
USB Technologies, LLC